# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>EDWARD F. SIMPSON,<br><br>        **Debtor**<br><br>―――――――――――――――<br><br>DONALD R. LASSMAN, TRUSTEE,<br><br>        **Plaintiff**<br><br>v.<br><br>EDWARD F. SIMPSON et al.,<br><br>        **Defendants** | Chapter 7<br>Case No. 02-11044-RS<br><br><br><br><br><br>Adversary Proceeding<br>No. 04-1214 |

**MEMORANDUM OF DECISION AND ORDER ON
PLAINTIFF'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT
(UFCA § 7)
AND
<u>DEFENDANTS' SECOND CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

   In Count II of his second amended complaint, the plaintiff, Donald R. Lassman, as trustee in the chapter 7 case of Edward F. Simpson, asserts a cause of action 11 U.S.C. §544(b)(1) and § 7 of G.L. c. 109A, the Uniform Fraudulent Conveyance Act as applicable in Massachusetts prior to its amendment in 1996 ("UFCA § 7"), for three actually fraudulent transfers in 1991 of his interests in certain Provincetown, Massachusetts real estate known as the Boatslip and Sandpiper properties.  By cross-motions for summary judgment, both Lassman and the transferee defendants now seek summary judgment as to this cause of action.  For the reasons set forth below, the Court will dismiss the fraudulent transfer claims as to the July 1 transfers and deny both motions as to the October 30 transfer.

   By a memorandum of decision issued on December 17, 2007, this court addressed earlier

cross motions for summary judgment as to the same transfers considered as constructively fraudulent under UFCA § 4.  The Court incorporates the substance of that memorandum herein by reference.

**THE JULY 1991 TRANSFERS**

As to the first two transfers—the July 1991 transfer by Edward Simpson, as trustee of the Boatslip Investment Trust, of the Boatslip property and the July 1991 transfer by Edward Simpson, as trustee of the Sandpiper Investment Trust, of the Sandpiper property—the plaintiff's motion for summary judgment must be denied for failure of the plaintiff to satisfy a threshold requirement of 11 U.S.C. § 544(b)(1).  At the time of their transfer, the properties in question were owned not by the debtor but by trusts of which he was a trustee and a beneficiary.  To avoid these transfers, the chapter 7 trustee is relying on his powers under § 544(b)(1), under which a trustee in bankruptcy is empowered to avoid certain transfers and obligations that are avoidable under applicable law by certain creditors.  To be avoidable under § 544(b)(1), a transfer must be a transfer "of an interest *of the debtor* in property[.]"  11 U.S.C. § 544(b)(1) (emphasis added).  The properties that are the subject of these first two transfers are not, under the plaintiff's own allegations, assets of the debtor but of separate trusts.  Under the facts alleged, the debtor had no interest in the properties, only interests in the trusts that owned the properties.  The plaintiff has not argued that cause exists to disregard the separate existence of the trusts and to treat the debtor himself as the owner of the properties.  Therefore, the plaintiff has failed to establish a necessary element of his case as to these two transfers, and his motion for summary judgment must be denied as to them.

This particular difficulty in the plaintiff's case is not one of the bases on which the

defendants seek summary judgment as to these transfers.  Still, in its present form, Count II fails to state a claim on which relief can be granted as to these transfers, and the Court will for that reason dismiss Count II insofar as it seeks recovery under an actual fraudulent transfer theory (UFCA § 7) for the July 1 transfers.

**THE NOVEMBER 30, 2001 TRANSFER**

The sole remaining focus of the cross-motions for summary judgment is the third transfer:  the November 30, 1991 designation by Edward Simpson of Peter and Joan as the parties to whom certain mortgage rights to the Boatslip and Sandpiper properties would be transferred upon payment in full of certain mortgage debt on the two properties.  The grounds on which the Defendants seek summary judgment as to these transfers were largely considered and rejected in the Court's earlier memorandum of decision on the first round of cross motions for summary judgment.  The sole remaining issue on both motions is whether, on the evidence submitted in conjunction with the motions, there exists a genuine issue of material fact as to whether the transfers were made with actual intent to hinder, delay, or defraud a present or future creditor.  The plaintiff has certainly adduced evidence from which a reasonable finder of fact could so conclude.  For that reason, the Defendants' cross-motion must be denied as to this transfer, leaving only the Plaintiff's motion.  On a motion for summary judgment, a court may not weigh the evidence but must indulge every possible inference in favor of the nonmoving party.  Here, the issue is one of specific intent.  While it is possible to resolve issues of specific intent by summary judgment, the instances in which that is appropriate are rare.  See *In re Varrasso*, 37 F.3d 760 (1st Cir. 1994) (courts must be "exceptionally cautious" in granting summary judgment on state-of-mind issues, "especially where the movant bears the devoir of

3

persuasion as to the nonmovant's state of mind"). Although the Plaintiff's evidence is strong, the record includes a denial of fraudulent intent by the Debtor, and therefore I conclude that there exists a genuine issue of material fact. Accordingly, with respect to this transfer, the Court will deny both motions for summary judgment.

### **ORDER**

For the reasons set forth above, the Court hereby ORDERS as follows:

1. as to the July 1 transfers, the Plaintiff's Motion for Partial Summary Judgment is denied; the Defendants' Cross-Motion for Summary Judgment is moot; and the Plaintiff's cause of action under UFCA § 7 is dismissed for failure to state a claim on which relief can be granted; and

2. as to the October 30 transfer,

    a. the Plaintiff's Motion for Partial Summary Judgment is denied, and

    b. the Defendants' Cross-Motion for Summary Judgment is denied.

Date: January 7, 2008

_____
Robert Somma
United States Bankruptcy Judge